IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Terry Windell Keesley, | ) | Case No. 8:24-cv-07493-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Detective Brewer, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment. ECF No. 50. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On July 17, 2026, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 71. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report, and Defendants filed a Reply. ECF Nos. 73, 74.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## **ANALYSIS**

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Because Plaintiff filed objections, the Court's review of this matter has been de novo.

### *Eleventh Amendment Immunity*

Plaintiff brings this action against Defendant in his official capacity.  Plaintiff does not dispute this categorization in his objections.  The Magistrate Judge determined that Defendant is entitled to Eleventh Amendment immunity for claims for money damages against him in his official capacity.  The Court finds that the Magistrate Judge has stated the correct standard and incorporates his recitation of the applicable law.  Upon review, the Court agrees that Defendant is entitled to Eleventh Amendment immunity for claims for damages against him in his official capacity.

*Fourth Amendment*

As explained in more detail by the Magistrate Judge, Defendant received a report that Plaintiff had fled from officers in a vehicle.  Defendant found Plaintiff in the car and informed other surrounding officers of his location. Plaintiff was blocked in his parking space at which point he exited the vehicle and ran on foot.  Defendant, Deputy Morgan, and Deputy Sneed pursuant Plaintiff.  Deputy Sneed is a K-9 officer and had his K-9 unit on the leash during the pursuit.  Defendant and the other deputies yelled "dog" and other warnings; when Plaintiff did not stop, Deputy Sneed gave the command for the dog to apprehend Plaintiff.  The dog grabbed Plaintiff's right arm and took him to the ground.

The Magistrate Judge first recommends that summary judgment be granted because Defendant is not a K-9 officer and did not control the dog.  The Court agrees. As Plaintiff has offered no evidence to the contrary, the Court grants summary judgment on the basis that Defendant did not exercise a sufficient degree of control over the dog.

The Magistrate Judge further analyzed this claim pursuant to the factors articulated in *Graham v. Connor*, 490 U.S. 386 (1989).  The issue is whether the use of force was constitutionally unreasonable.

A claim for excessive force is analyzed under an "objective reasonableness" standard.  *Yates v. Terry,* 817 F.3d 877, 884 (4th Cir. 2016).  The test for reasonableness pursuant to the Fourth Amendment is fact specific and includes consideration of "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Graham*, 490 U.S. at 396 (citing *Tenn. v. Garner*, 471 U.S. 1, 8–9 (1985))

3

(the "*Graham* factors").  The Fourth Circuit has acknowledged that the second factor is "the most important."  *Lewis v. Caraballo*, 98 F. 4th 521, 531 (4th Cir. 2024) (citations omitted).

The Magistrate Judge determined that the first factor weighed in favor of neither Plaintiff nor Defendant.  Plaintiff asserts that his underlying crime was for credit card fraud, which is not sufficiently serious to justify the use of force.  Defendant avers that he was not aware of the underlying crime but knew that Plaintiff had fled from other officers in a vehicle and then saw him flee on foot.[1]  The Court agrees with the Magistrate Judge's well-reasoned analysis that the crime of credit card fraud was not particularly serious; however, fleeing from law enforcement twice would give a reasonable officer reason to believe that a person was a potentially dangerous individual.  Accordingly, the Court agrees that this factor weighs neutrally.

As to whether Plaintiff presented a threat to the safety of officers or others, the Court again agrees with the Magistrate Judge that the evidence in the record suggests that Defendant believed Plaintiff posed an immediate threat to his own and others' safety because Plaintiff previously evaded law enforcement in his vehicle; the events at issue occurred in close proximity to Highway 76 and an apartment complex, which created at

---

[1] In his objections, Plaintiff states that he does not believe that Defendant did not know his underlying charge and that Defendant could not have seen Plaintiff through the window of his car as Defendant averred.  The Court notes, as did the Magistrate Judge, that Plaintiff provides assertions without any evidence in support of his positions.  Defendant has provided the sworn statements of himself and Deputies Sneed and Morgan.  The Court finds that Plaintiff's conclusory allegations without more are insufficient to preclude a finding of summary judgment.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

least a tenuous potential threat to the public; Plaintiff reached into his center console and ran from Defendant and the other officers with his hands in his pockets, which presented at least a possibility that Plaintiff was carrying a weapon; there was no cover in the open field at the time that the dog was deployed; and Plaintiff ignored commands to stop and warnings that the dog was going to be deployed.[2] Based on the evidence in the record, the Court finds that an objective, reasonable officer could conclude that Plaintiff presented a threat to them and the public; therefore, the second *Graham* factor weighs in favor of Defendant.

The third factor—whether the suspect is actively resisting arrest or attempting to evade arrest by flight—weighs in favor of Defendant. It is undisputed that Plaintiff was fleeing at the time the dog was deployed. Accordingly, this factor weighs in Defendant's favor.

The Magistrate Judge also considered the evidence available with respect to the extent of Plaintiff's injuries. Plaintiff seems to assert that the medical records from AnMed Hospital, where he was taken following the dog bite would demonstrate serious injuries. Those records are not in the record before the Court. As explained in more detail by the Magistrate Judge, the Court finds that Plaintiff has failed to demonstrate an injury that

---

[2] In his objections, Plaintiff reiterates that his hands were not in his pockets while he was running. He further alleges that Defendant and the other officers did not perceive him as a threat because they pulled out their tasers and not their firearms and that he did not hear the officers call out warning him about the dog. Again, these statements range from conjecture to unsupported allegations insufficient to preclude a finding of summary judgment.

5

would suggest the use of excessive force.[3]  Moreover, even assuming Plaintiff suffered such injuries as alleged, those injuries on their own would not outweigh the other factors weighing in Defendant's favor.

As noted by the Magistrate Judge, the length of time that the dog was engaged is relevant to an excessive force analysis.  Here, there is no evidence suggesting a time in terms of seconds or minutes.  Defendant and the other officers aver that Deputy Sneed gave the command for the dog to release once Plaintiff was "under control and secured." ECF No. 50-4 at 3–4.  Plaintiff alleges, again without support, that the dog continued to bite him after he was no longer resisting and that the officers laughed at him.  Based upon the evidence available in the record, the Court finds that the amount of time the dog was engaged does not weigh in favor of Plaintiff.

Accordingly, upon consideration of the *Graham* factors and the additional factors, the Court finds that the use of the dog to effectuate Plaintiff's arrest was not objectively unreasonable.  Therefore, summary judgment is granted as to this claim.

### Supervisory Liability

The Magistrate Judge determined that any claim for supervisory liability based upon Plaintiff's assertion that Defendant was the most senior officer during the chase and use of the dog to apprehend Plaintiff fails.  The Court agrees.

---

[3] With respect to discovery in this case, the Court notes and incorporates the Magistrate Judge's footnote on page 20 of the Report.  ECF No. 71 at 20 n.7.  Plaintiff was given an opportunity to engage in discovery; therefore, his failure to produce any evidence on his behalf is his responsibility.

6

A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability as follows:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted)*.*

Here, there is no evidence that Defendant was Deputies Morgan and Sneed's supervisor or that Defendant had actual or constructive knowledge of his subordinates engaging in "pervasive or widespread conduct" that posed a risk of injury to others like Plaintiff. Further, as discussed herein, there is no evidence of a constitutional violation. Accordingly, any claim for supervisory liability fails.

### *Bystander Liability*

To the extent that Plaintiff alleges a claim for bystander liability, the Magistrate Judge recommends finding that it fails. The Court agrees.

"To succeed on a theory of bystander liability, a plaintiff must demonstrate that a law-enforcement officer '(1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act.'" *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 417 (4th Cir. 2014) (quoting *Randall v. Prince George's Cty., Md.,* 302 F.3d 188, 204 (4th Cir. 2002)).

7

Here, there is no evidence of a constitutional violation; moreover, there is no evidence that Defendant had control over the dog or that he would have had the opportunity to stop the dog bite.[4]  Thus, any claim for bystander liability fails.

### Qualified Immunity

The Magistrate Judge determined that Defendant is entitled to qualified immunity and provides a thorough recitation of the applicable law, which the Court incorporates by reference.  Briefly, "[g]overnment officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Willingham v. Crooke*, 412 F.3d 553, 558 (4th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  However, "qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right."  *Heath v. Coll. of Charleston*, C.A. No. 2:17-cv-01792-PMD-JDA, 2018 WL 3353063, at *3 (D.S.C. June 15, 2018).  The Court has determined that Plaintiff has not established a constitutional violation; accordingly, Defendant is entitled to qualified immunity.

---

[4] To the extent Plaintiff objects to this portion of the Report by stating that Defendant did have "control of this excessive force" because he signed various papers associated with Plaintiff's arrest, including the vehicle towing paperwork, these allegations fail to create a genuine issue of material fact.  *See* ECF No. 73 at 3.

### *Appointment of Counsel*

On the final page of his objections, Plaintiff requests appointment of counsel. "There is no constitutional right to have counsel appointed in a civil case." *Brock v. City of Richmond*, C/A No. 92-6122, 1993 WL 5898, at *2 (4th Cir. Jan. 14 1993) (citing *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)). This Court may exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e)(1). The Court of Appeals for the Fourth Circuit has stated that it is an abuse of discretion for the district court to decline to appoint counsel "where the case of an indigent plaintiff presents exceptional circumstances," which "'will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it.'" *Brock*, 1993 WL 5898, at *2 (quoting *Whisenant* 739 F.2d at 163). In determining the existence of exceptional circumstances in each case, "[t]he district court must therefore assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." *Jenkins v. Woodard*, 109 F.4th 242, 248–50 (4th Cir. 2024) (citation omitted). Although Plaintiff's claims are not frivolous, neither are they particularly complex. Further, Plaintiff has complied successfully with orders instructing him to submit documents to bring his case into proper form and directing him to file a response to the motion for summary judgment, meaning that Plaintiff has shown the ability to bring his claims in this action. Plaintiff states that he is requesting counsel because he does not have "access to a law library to quote cases." ECF No. 73 at 4. However,

citations to caselaw are not required to pursue his case.  As such, Plaintiff's request for appointment of counsel is denied.

## CONCLUSION

For the foregoing reasons, the Court agrees with the recommendation of the Magistrate Judge.  Defendant's motion for summary judgment [50] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 10, 2026
Spartanburg, South Carolina

10